# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDY ESTELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-CV-827-CVE-SAJ |
| ) | |
| WILLIAMS SCOTSMAN, INC. ) | |
| ) | |
| Defendant. ) | |

### ORDER

Defendant has moved for leave to amend Defendant's response to Plaintiff's request for admission number five. [Docket No. 97-1]. The Court heard oral argument on the motion and Plaintiff submitted a response brief after the hearing.

### I.  BACKGROUND FACTS

Plaintiff, in Plaintiff's request for admission number five, asked that Defendant admit or deny that "Thomas made the statement that if he found out that either of them [Plaintiff or Darla England] were pregnant, they would be fired." Defendant responded to the request in February 2004 as follows:

> Defendant admits that Thomas jokingly made a comment about pregnancy. Defendant, however, denies that Mr. Thomas was serious when he made the remark, denies that the remark was directed at Plaintiff or made in connection with any employment regarding Plaintiff, and denies that Thomas was aware at the time of the comment of Plaintiff's pregnancy.

Approximately one year later, on February 1, 2005, Plaintiff took the deposition of Lou Thomas. Plaintiff's counsel asked Mr. Thomas if he recalled making the statement that

if either Plaintiff or England were pregnant they would be fired. Mr. Thomas responded that he had no recollection of having made that statement.

Defendant seeks leave of Court to amend its response to request for admission number five to make the response consistent with the statement of Mr. Thomas. At oral argument, Defendant indicated that in drafting the interrogatory response, Defendant consulted with Ms. England. Defendant notes that Mr. Thomas is no longer employed by Defendant, and Defendant did not consult with Mr. Thomas prior to drafting the response to interrogatory.

Although Defendant knew of the inconsistency at the time of Mr. Thomas' deposition, Defendant did not move to change Defendant's response to the interrogatory until June 6, 2005. Plaintiff complains that Defendant waited until June 2005 to raise this issue.

Plaintiff asserts that Plaintiff is prejudiced by Defendant's request. Plaintiff notes that one and one-half years has passed since the admission by Defendant, and that Plaintiff has relied on Defendant's representation that the statement occurred. Plaintiff contends that her case preparation has been with the knowledge that Defendant admitted Mr. Thomas made the statement. Plaintiff asserts that if Defendant had denied the admission, Plaintiff would have inquired further into "Mr. Thomas' history of fabrications, would have asked different questions to the witnesses who followed him, and would have crafted her discovery in a different manner." At oral argument, Plaintiff's counsel maintained that she would have questioned Mr. Thomas differently if she had known that Defendant was not admitting that Mr. Thomas made the statement.

**II.    DISCUSSION**

Fed. R. Civ. Proc. 36(b) provides:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Fed. R. Civ. Proc. 36(b). The rule provides that upon motion and order of the court an admission may be withdrawn. The decision is discretionary. *Ropfogel v. United States*, 138 F.R.D. 579 (D. Kan. 1991).

> In considering whether the presentation of the merits will be facilitated by permitting an admission to be withdrawn, the court may look at whether the admission is contrary to the record of the case. The court may allow amendment or withdrawal of an admission when an admission is no longer true because of changed circumstances <u>or when through an honest error a party has made an improvident admission</u>. The court must also look at whether the effect of upholding the admissions would be practically to eliminate any presentation of the merits.

*Ropfogel* at 583 (*citations omitted, emphasis added*).

The prejudice contemplated by the Rule is not that the party obtaining the admission must now convince the jury of the truth of the matter. *Bergemann v. United States*, 820 F.2d 1117, 1121 (10th Cir. 1987). Rather, "the prejudice contemplated by the rule 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted."). *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (10th Cir. 1983) (*citations omitted*).

In this case, Defendant, in drafting the answers to the interrogatories, failed to contact Mr. Thomas, but instead relied upon Ms. England. Mr. Thomas, during his deposition, denied the admission. Defendant's admission appears to be the result of an honest albeit unwise mistake. *See Howard v. Sterchi*, 725 F. Supp. 1572, 1577 (N.D. Ga. 1989) (withdrawal allowed when admissions made in haste and under faulty assumption). Defendant has no explanation for the delay by Defendant in moving to withdraw the admission. *See Howard*, 725 F. Supp. at 1577 ("[P]ermitting the withdrawal and amendment of the admissions will subserve the presentation of the merits of this action, notwithstanding the fact that the plaintiffs indeed were dilatory in failing to move for withdrawal at an earlier time.").

Plaintiff articulates the prejudice that Plaintiff will suffer primarily in terms of the difficulty that Plaintiff will have in proving what is an important part of Plaintiff's case. However, the prejudice that the court considers is in terms of the prejudice a party may have because of the sudden need to prove a matter previously admitted rather than in the difficulty in proving the matter. Plaintiff does not develop this argument with respect to prejudice. Plaintiff, at oral argument, did note that Plaintiff would have deposed Mr. Thomas differently if Plaintiff had realized that Defendant was withdrawing the admission. Plaintiff additionally states, in a general matter, that Plaintiff might have deposed other witnesses differently. Plaintiff does not further develop this argument.

The Court further finds that upholding the admission would practically eliminate any testimony on the merits of whether Mr. Thomas made alleged statements. The wiser course is to allow the jury to hear the testimony of Ms. England, Mr. Thomas, Plaintiff, and any other probative testimony on the question of whether such statement was made. *See*

*Farr Man & Co., Inc. v. M/V Rozita*, 903 F.2d 871 (1st Cir. 1990) (allowing the party to withdraw admission where withdrawal assisted resolution of merits of issue by jury, referring to the Advisory Committee's Note "Provision is made for withdrawal or amendment of an admission. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice. Fed. R. Civ. P. 36(b), Advisory Committee's Note"); *Westmoreland Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D. Conn. 1976); *Rabil v. Swafford*, 128 F.R.D. 1, 2 (D.D.C. 1989).

The Plaintiff's attorney represents that Mr. Thomas' deposition may have been conducted differently if Plaintiff's attorney had known that Defendant planned to withdraw their admission. The Court therefore concludes that Plaintiff should be permitted a second deposition of Mr. Thomas. Because the present situation is the fault of Defendant, the Court finds that Defendant shall pay for that portion of the deposition that is attributable to the failure of Defendant to properly and accurately answer the admission, and any additional inquiry by Plaintiff necessitated by that failure. If the parties are unable to agree to the amount, the parties should submit that issue to the Court, and the Court will determine the appropriate amount.

IT IS SO ORDERED.

Dated this 20th day of June 2005.

Sam A. Joyner
United States Magistrate Judge