UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRANDY ESTELL,** )  ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 03-CV-0827-CVE-SAJ |
| **WILLIAMS SCOTSMAN, INC.,** ) ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Unopposed Motion to Speak to Jurors (Dkt. # 183). Defense counsel seeks leave to contact jurors in order to obtain their views of the evidence presented in the case and the presentation of the lawyers.[1]

Local Rule 47.2 provides, "Attorneys who are officers of this court and those acting on behalf of such attorneys are prohibited from approaching jurors in any matter at any time concerning said juror's service, except on leave of court upon a showing of good cause."[2] Trial courts possess great latitude in determining whether counsel has sufficiently demonstrated cause to contact jurors. Green Constr. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1012 (10th Cir. 1993) ("District courts have wide discretion to restrict attorney-juror contact in order to shield jurors from post-trial fishing expeditions by losing attorneys."); Journal Publ'g Co. v. Mechem, 801 F.2d 1233, 1236 (10th Cir. 1986) (noting that a court "may broadly proscribe attorney and party contact with former jurors).

---

[1] On July 29, 2005, the jury returned a verdict for defendant in this matter, and the Court entered judgment on August 1, 2005.

[2] Rule 606(b) of the Federal Rules of Evidence governs inquiry into the validity of a verdict or indictment. Since counsel does not challenge the validity of the verdict--indeed, he prevailed at trial--Rule 606(b) is not directly applicable to the instant motion.

The Court finds that the reason proffered by counsel, namely, a desire to ascertain the opinions of the jurors with regard to the quality of counsel's performance at trial, does not constitute good cause for contact with jurors following the issuance of a verdict.

**IT IS THEREFORE ORDERED** that the motion to speak to jurors (Dkt. # 183) is hereby **denied**.

**DATED** this 7th day of September, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT